### Statement of the Case.

Action by Atlas Floor Company, a corporation, against Robert J. McLaughlin to recover for labor and materials furnished in laying two floors in shops belonging to defendant. To reverse a judgment in favor of plaintiff, defendant brings error.

LYMAN M. PAINE, for plaintiff in error.

J. SCOTT MATTHEWS, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 315*—*when finding of want of existence of warranty sustained by the evidence.* In an action to recover for labor and materials furnished in laying floors for defendant where defendant claimed the floors were to be according to sample and that they were inferior to sample, a finding that there was no such warranty express or implied, and that the defendant ordered them upon the advice of his architect and after his own independent investigation, *held* justified by the evidence.

---

### S. F. Svenson, Defendant in Error, v. H. J. Le Brun, Plaintiff in Error.

#### Gen. No. 19,431.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 25, 1914.

### Statement of the Case.

Action by S. F. Svenson against H. J. Le Brun in which, the brief of defendant states, a judgment was entered against him "for an alleged unpaid balance

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

on a painting contract.'' To reverse a judgment in favor of plaintiff, defendant brings error.

BENJAMIN F. J. ODELL, for plaintiff in error.

MONROE FULKERSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1414*—*when judgment of trial court conclusive.* On writ of error to review a judgment entered against plaintiff in error for a balance due for painting, where it was assigned for error that the trial court did not decide the case on the weight of the evidence, and it appeared that the defense to the action was that the work was not properly done, *held* that in such a case the judgment of the trial court was conclusive where there was no manifest reason to disagree with his conclusion.

---

### City of Chicago, Plaintiff in Error, v. Fred D. Jackson, Defendant in Error.

### Gen. No. 19,476.

MUNICIPAL CORPORATIONS, § 857*—*when exhibiting picture not a violation of ordinance.* Exhibiting in show windows a copy of a painting named "September Morn," *held* not to constitute a violation of an ordinance forbidding the exhibition of any "indecent or lewd" picture.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 25, 1914.

WILLIAM H. SEXTON and ALEXANDER E. ARKIN, for plaintiff in error; CHARLES M. HAFT, of counsel.

FRED D. JACKSON, *pro se.*

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.